IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re:  MICHAEL TRENT WILSON | ] | No. 13-15248 |
| | ] | |
| Debtor, | ] | Chapter 7 |
| | | |
| BANK 7, a state banking association and acquirer of First State Bank of Camargo through FDIC receivership, | ] ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | Adv. No. 14-01011 |
| MICHAEL TRENT WILSON, | ] ] | |
| Defendant. | ] ] | |

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT THEREOF

Creditor and Plaintiff, Bank 7, pursuant to Local Rule 7056-1(D), submits its Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment.  In support of this Reply, Bank 7 submits the following brief and exhibits, further setting forth the nature and supporting basis for its claim - specifically setting forth those facts which are not in controversy with regard to Count II and a relevant legal argument as to why summary judgment should be granted on said Count.

## I.    INTRODUCTION

In his response, Defendant attempts to provide the Court with "Material Controverted Facts Regarding the Farm and Home Plans.  However, several of the facts that Defendant has claimed as "material" are in fact not so.  "The substantive law at issue

determines which facts are material in a given case." <u>Beaird v. Seagate Technology, Inc.</u>, 145 F.3d 1159 (10th Cir. 1998); *citing* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Id</u>. As for the other "material" facts, they are simply not supported by the relevant evidence and/or are barred by collateral estoppel.

## II. RESPONSE TO STATEMENT OF MATERIAL CONTROVERTED FACTS REGARDING THE FARM AND HOME PLANS

1. Paragraphs 1 through 4 are not material. See: <u>Beaird</u>, supra.

2. As to paragraphs 5 through 11, the referenced promissory notes were reduced to judgment by the District Court of Ellis County State of Oklahoma on March 19, 2013. <u>See</u> the Partial Journal Entry of Partial Summary Judgment entered in <u>Bank 7 v. Trent Wilson, et al.</u>, Case No. CJ-2012-7 in the District Court of Ellis County, State of Oklahoma, attached to Plaintiff's Motion and hereto as Exhibit 5. This attempt by Defendant to re-litigate these facts is barred by collateral estoppel. <u>Klemens v. Wallace</u>, 840 F.2d 762 (10th Cir. 1988).

3. Paragraphs 12 through 23 all attempt to portray to the Court that the Farm and Home Plans, attached to Defendant's Response as Exhibits 2 and 3 (and hereto as Exhibits 12 and 13), were simply "plans," not an indication of actual cattle owned by the Defendant, and that had less than 100 head of cattle. Doing so, the Defendant is evidently asking the Court to ignore the fact that the purported cattle numbers are listed under the "balance sheet" portion of the plans as "current assets." Furthermore, though

Defendant goes to great pain to point out the listing of cattle on page 3 of the October 19, 2009, plan (Exhibit 12) under the heading "Planned," Defendant fails to recognize that in this listing, the cattle represented as current assets on page 1 are designated as being "ON HAND" on page 3, thus signifying that the Defendant already owned them.

Furthermore, since the filing of Plaintiff's Motion for Summary Judgment, Plaintiff has deposed Stacy McCasland, manager of Wheeler Feed Yard, Inc., a cattle feed lot located in the Texas panhandle.  See relevant portion of Mr. McCasland's deposition transcript, attached hereto as Exhibit 14.  According to Mr. McCasland, the Defendant fed "two or 3,000" head of cattle with Wheeler Feed Yard, Inc. in 2010 and 2011.  See deposition transcript of Stacy McCasland, attached hereto as Exhibit 14, at page 18, lines 2 through 7.  Wheeler Feed Yard, Inc. also supplied financing for Defendant's cattle.  See deposition transcript of Stacy McCasland, attached hereto as Exhibit 14, at page 10, line 22 through page 11, line 3.  Despite having cattle in Wheeler Feed Yard, Inc. at the time of the Farm and Home Plans, the Defendant failed to list the cattle in his current assets and did not list his debt to Wheeler Feed Yard, Inc. as a current farm liability.  See the Farm and Home Plans at issue, attached hereto as Exhibits 12 and 13.  See also Performance Records for cattle of Trent Wilson which were being fed by Wheeler Feed Yard, Inc. on October 19, 2009, and/or April 7, 2010, attached hereto as Exhibit 15.

## III.  CONCLUSION

Rule 7056 of the Federal Rules of Bankruptcy Procedure (Rule 56 of the federal Rules of Civil Procedure) governs the summary judgment procedure in adversary

proceedings.  According to Rule 7056, the district court must grant summary judgment to the moving party if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Bank 7's Complaint and the exhibits on file herein – especially Defendant's own written statements and subsequent testimony, together show that every material fact as to Count II is uncontroverted and cannot be controverted, and that according thereto, Bank 7 is entitled to judgment as requested.

WHEREFORE, the Plaintiff, Bank 7, respectfully requests that this Motion be granted, that Defendant's debt to Plaintiff be found non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B) and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

s/ Brendon S. Atkinson
Brendon S. Atkinson, OBA #19396
GUNGOLL, JACKSON, BOX & DEVOLL, P.C.
P.O. Box 1549
Enid, OK 73702-1549
(580) 234-0436 telephone
(580) 233-1284 facsimile
atkinson@gungolljackson.com
Attorneys for Bank 7

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2014, a true and correct copy of the foregoing

Reply was electronically served using the CM/ECF system, namely:

**Bret D. Davis**           bdavis@lamunmock.com

**Susan J. Manchester**     susanmanchester@sbcglobal.net

**U.S. Trustee**             Ustpregion20.oc.ecf@usdoj.gov


/s/ Brendon S. Atkinson
Brendon S. Atkinson