IN THE DISTRICT COURT OF ELLIS COUNTY
STATE OF OKLAHOMA

```
FILED
COURT CLERK'S OFFICE
Ellis County, Okla.

MAR 1 9 2013

Time_____M
DONA FOLKS, Court Clerk
By_____
```

BANK 7, a state banking association and acquirer )
of First State Bank of Camargo through FDIC )
receivership, )
            )
                    Plaintiff, )
            )
vs. )
            )
TRENT WILSON, individually and d/b/a Wilson Cattle )
    Company; )
SHARON WILSON; )
F&E WILSON FAMILY, L.L.C, an Oklahoma )
    limited liability company; )
HIGH HILL TRUST, Flakey D. Wilson and Ellen P. )
    Wilson, Trustees; and )
ROCKINGBALL TRUST, Flakey D. Wilson and Ellen P. )
    Wilson, Trustees ) Case No. CJ-2012-7
            )
                    Defendants. )

## JOURNAL ENTRY OF PARTIAL SUMMARY JUDGMENT

NOW on this 19th day of March, 2013, this matter comes on to be heard before the above-captioned Court upon the Plaintiff's Motion for Summary Judgment on Its Causes of Action. Plaintiff, Bank 7, appears by and through its attorney of record, Douglas L. Jackson of Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, Oklahoma. The Defendants, Trent Wilson, individually and d/b/a Wilson Cattle Company; Sharon Wilson; F&E Wilson Family, L.L.C.; Hill High Trust, Flakey D. Wilson and Ellen P. Wilson, Trustees; and Rockingball Trust, Flakey D. Wilson and Ellen P. Wilson, Trustees (referred to collectively as "Defendants"), appear by and through their attorney of record, David C. Henneke.

The Court thereupon examined the pleadings, process and files in this cause, and hearing argument of counsel for the parties, FINDS that:



EXHIBIT 5

1. Due and regular service of Summons and Plaintiff's Petition has been made upon Defendants, as provided by law, and that Summons and said service are legal and regular in all respects.

2. Defendants have entered their appearances herein by and through their attorney of record, as set forth above, and have filed their Answer to Plaintiff's Petition.

3. Plaintiff's Motion for Summary Judgment on Its Causes of Action and Brief and Statement in Support of the same were subsequently filed herein with a copy mailed to counsel for Defendants.

4. Defendants filed a Partial Objection to Plaintiff's Motion for Summary Judgment on Its Causes of Action, asking that said Motion be denied in part.

5. Plaintiff is entitled to partial judgment as requested in its pleadings on file herein and foreclosure of its mortgages on Tract 1 and security interests in this matter.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the Court that Plaintiff is entitled to and is hereby granted judgment against Defendant, Trent Wilson, individually and d/b/a Wilson Cattle Company, as follows:

| Note No. | Balance as of March 19, 2012 |
|---|---|
| 87985 | $257,205.30 |
| 87986 | $ 42,248.70 |
| 187987 | $337,157.38 |
| 187988 | $ 79,857.82 |
| 87992 | $ 16,697.64 |

plus interest continuing to accrue thereon at the contract rate until the date of judgment, plus all other charges due and proper under the promissory notes evidencing said sums including, but not limited to, late charges, taxes, insurance, cost of preservation of the collateral securing said sums, all of said sums bearing interest from and after the date of judgment at the contract or statutory

2

rate, whichever is greater. Any award of attorney fees and costs shall be made by separate motion or application and submitted in writing.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that the sums set forth above are secured by mortgages constituting first, prior, and superior liens upon the real estate and premises located in Ellis County, Oklahoma described as follows:

<u>TRACT 1</u>

Lots Three (3) and Four (4) of Section Seven (7), Township Nineteen (19) North, Range Twenty One (21), West of the Indian Meridian, Ellis County, Oklahoma;

and that any and all right, title, or interest which any of the Defendants have, or claim to have, in and to said real estate and premises is subsequent, junior, and inferior to the mortgages and liens of Plaintiff, subject only to unpaid real property taxes which may be due and owing to Ellis County, State of Oklahoma.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** by the Court that the mortgages and liens of Plaintiff in the amounts hereinabove found and adjudged be foreclosed, and that a special execution and order of sale issue out of the office of the District Court Clerk in this cause, directed to the Sheriff to levy upon, advertise, and sell, after due and legal appraisement, the real estate and premises herein above-described, subject to unpaid taxes, advances by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, and pay the proceeds of said sale to the Clerk of this Court, as provided by law, for application as follows, to-wit:

| | |
|---|---|
| FIRST: | to the payment of costs herein accrued and accruing; |
| SECOND: | to the payment of real property taxes due and owing to Ellis County, State of Oklahoma, if any; |
| THIRD: | to the payment of the judgments and liens of Plaintiff in the amounts hereinabove set out; |

3

the balance, if any, to be paid to the Clerk of this Court to await further Order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** by the Court that, upon the confirmation of the sale or sales of the above-described real property, the Defendants herein, and each of them, and all persons claiming by, through, or under them since the commencement of this action shall be forever barred, foreclosed, and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in and to said real property and premises, or any part thereof.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** by the Court that the amounts due and owing to the Plaintiff are further secured by a good and valid lien upon the personal property more particularly described as follows, to-wit:

> All livestock/farm products of every kind and description including but not limited to beef and dairy cattle, branded or unbranded, plus any increase therefrom, and including steers and bulls now owned by debtor (and all farm products that have been or will be subjected to a manufacturing operation and which have or will become inventory). All accessions, additions, replacements, substitutions and payments for participation in any state or federal farm programs (including rights under Commodity Credit Corporation programs, FSA, payment in kind, or any other general intangibles or programs); all records of any kind relating to any of the foregoing; all proceeds and insurance, general intangibles, rents and accounts. One (1) used 1972 Ford 4x4 PK  One (1) used 1993 Toyota T-100 4x4  One (1) used 1994 GMC ½ ton PK  One (1) used 1990 Ford F350 PK VIN #1FTJF35G8LNA67947  One (1) NEW 2007 Dodge 3500 4x4 PK  One (1) used 2006 Banes 36' Gooseneck Trailer  One (1) new 1997 Dodge 3500 SLT Laramie PK with ProFab bed   All debtor's equipment used in farming operations, whether now owned or hereafter acquired, including any and all accessions, attachments, parts and replacements thereto. Government Payments.

including, but not limited to the following machinery and equipment:

Description

Krause 18' Offset Disc
Rhino SR15 Beater
Shop Built Gooseneck Trailer
JD 4320 w/ cab and 158 loader
JD 5020 cab/dozer
Dodge 3500 SLT Laramie, Ext Cab with ProFab bed

4

Case: 14-01011    Doc: 16-5    Filed: 06/21/14    Page: 5 of 7

        Banes 36' Gooseneck Trailer
        Ford 1 ton Pickup
        Toyota Tacoma 4x4
        Dodge 3500 4x4 Pickup

("Personal Property Collateral")

Any and all right, title, or interest which the Defendants have, or claim to have, in and to said Personal Property Collateral is subsequent, junior, and inferior to the security interests and liens of Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that the security interests and lien of Plaintiff, in the amounts hereinabove found, be foreclosed. In this regard, Plaintiff is entitled to immediate possession of all of the Personal Property Collateral pursuant to the terms and provisions of the Uniform Commercial Code. Any Sheriff of any county in which of any said Personal Property Collateral may be located is ordered to assist the Plaintiff, by whatever means may be necessary, in obtaining possession of the Personal Property Collateral. Plaintiff is then entitled to sell the Personal Property Collateral, pursuant to the terms and provisions of the Uniform Commercial Code. Alternatively, Plaintiff is entitled to the issuance of an Execution and Order of Sale out of the office of the District Court Clerk in this cause, directed to any Sheriff in any County in which the Personal Property Collateral may be located, to levy upon, advertise, and sell the Personal Property Collateral subject to any and all unpaid taxes, advances by Plaintiff for taxes, insurance premiums, or expenses incurred by the Plaintiff necessary for the preservation of the Personal Property Collateral. Upon the consummation of any sale and Personal Property Collateral by Plaintiff pursuant to the terms and provisions of the Uniform Commercial Code or upon sale of the Personal Property Collateral by any Sheriff upon execution, the proceeds from said sale should be applied by Plaintiff as follows, to-wit:.

        **FIRST:**    To the payment of costs herein accrued and accruing;

**SECOND:** To the payment of the security interests and liens of Plaintiff in the amounts herein set out and any advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the Personal Property Collateral; and

**THIRD:** The balance, if any, to be paid to the Clerk of this Court to await further Order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that, upon completion of any sale of the Personal Property Collateral by Plaintiff pursuant to the terms and provisions of the Uniform Commercial Code or upon completion of any Sheriff's Sale of the Personal Property Collateral pursuant to execution on the same, Defendants, and all persons claiming by, through or under them since the commencement of this action shall be forever barred, foreclosed, and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in and to the Personal Property Collateral, or any part thereof.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** by the Court that, notwithstanding the fact that this Journal Entry of Partial Summary Judgment may not resolve all issues among all parties in this action, there is no just reason for delay and this Journal Entry of Partial Summary Judgment should be and is hereby declared to be a final appealable Judgment, Decree and Order, pursuant to the terms and provisions of Oklahoma Statutes Annotated Title 12, Section 994.

_____
The Honorable Doug Haught
Judge of the District Court

APPROVED:

*[signature]*
Douglas L. Jackson   OBA #4583
Brendon S. Atkinson   OBA #19396
Gungoll, Jackson, Collins, Box, and Devoll P.C.
P. O. Box 1549
Enid, OK 73702
Phone (580) 234-0436
Fax    (580) 233-1284
Attorneys for Plaintiff

*[signature]*
David Henneke   OBA #4099
102 S. Van Buren
P.O. Box 3624
Enid, OK 73702
Phone (580) 237-1600
Fax    (580) 237-1980
Attorney for Defendants

7