**Dated: August 1, 2014,  04:11 PM**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL TRENT WILSON ) | |
| ) | Case No. 13-15248-SAH |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| BANK 7, a state banking association and ) | |
| acquirer of First State Bank of Camargo ) | |
| through FDIC receivership, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Pro. 14-01011-SAH |
| ) | |
| MICHAEL TRENT WILSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING BANK 7'S MOTION FOR SUMMARY JUDGMENT ON COUNT II
OF PLAINTIFF'S COMPLAINT WITH BRIEF IN SUPPORT THEREOF AND
<u>NOTICE OF OPPORTUNITY FOR HEARING [DOC. 16]</u>**

Before the Court are:

1. Bank 7's ("Bank") Motion for Summary Judgment on Count II of Plaintiff's

Complaint with Brief in Support Thereof and Notice of Opportunity for Hearing [Doc. 16] (the "Bank's Motion") filed on June 21, 2014;

2. Defendant's Response to Trustee's Motion for Summary Judgment and Brief in Support [Doc. 28] (the "Defendant's Response") filed by Michael Trent Wilson ("Defendant") on July 11, 2014; and

3. Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment with Brief in Support Thereof [Doc. 31] (the "Bank's Reply") filed by Bank on July 25, 2014.

## OVERVIEW

Bank's Motion seeks summary judgment on Count II of Bank's Complaint [Doc. 1]. In Count II of Bank's Complaint, Bank alleges that Defendant is indebted to Bank and such debt should not be discharged in Defendant's bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(B). Section 523(a)(2)(B) provides that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> . . .
>
> (B) use of a statement in writing—
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;
>
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

>   (iv) that the debtor caused to be made or published with intent to deceive.

<u>Id.</u>  For the reasons set forth below, the Court finds that factual disputes exist concerning whether (1) Bank reasonably relied upon Defendant's financial statement when making its lending decision and (2) Defendant created the financial statement with the intent to deceive Bank. Accordingly, Bank's Motion is denied.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056.  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment.  <u>Harris v. Beneficial Okla., Inc.</u> (<u>In re Harris</u>), 209 B.R. 990, 995 (10th Cir. B.A.P. 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  <u>Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.</u>, 912 F.2d 1238, 1241 (10th Cir.1990); <u>see</u> also <u>Vitkus v. Beatrice Co.</u>, 11 F.3d 1535, 1539 (10th Cir.1993) ("the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there

is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); Otteson v. United States, 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried).

This Court denies a motion for summary judgment when genuine factual issues exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Summary judgment may not be avoided, however, by a mere "scintilla" of evidence. Vitkus, 11 F.3d at 1539. Rather, there must be sufficient evidence for a fact-finder reasonably to find in favor of the nonmoving party. See Anderson, 477 U.S. at 251. Thus, "there is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Anderson, 477 U.S. at 249. Where a rational trier of fact, could not find for the non-moving party when considering the record as a whole, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## FACTS

Defendant obtained a series of loans (the "Loans") from The First State Bank of Camargo (the "State Bank") on April 7 and 21, 2010.[1] State Bank and Defendant memorialized the Loans

---

[1] Defendant contends that Bank has failed to demonstrate that it is his creditor and that a material factual dispute exists concerning whether Bank loaned Defendant money. See, e.g. Defendant's Response, at 4, ¶ 10; see also id. at 5-6 & 9. This Court is bound under the doctrine of collateral estoppel to recognize that Bank is Defendant's creditor. Bank obtained a judgment against Defendant in the District Court of Ellis County, Oklahoma, in Case No. CJ-2012-7. Consequently, the Court finds that Defendant has not disputed the material fact that Bank is his creditor.

via promissory notes (the "Notes"). The Notes were secured by associated security agreements. On January 28, 2011, State Bank closed. The Federal Deposit Insurance Corporation ("FDIC") placed State Bank in receivership then transferred State Bank and its assets to Bank. Bank became Defendant's creditor when it acquired the assets of State Bank, including all outstanding Loans, on January 28, 2011. Subsequently, Defendant defaulted on the Loans. On April 30, 2012, Bank initiated a foreclosure proceeding in state court against Defendant. On March 19, 2013, Bank prevailed in its foreclosure proceeding. On November 27, 2013, Defendant filed his Voluntary Petition [Doc. 1] under chapter 7 of the Code.

Defendant is indebted to Bank in the amount of $883,145.76. According to Bank, Defendant knowingly provided false financial statements that misstated his cattle holdings and falsely claimed farm income. Bank failed to offer any evidence showing that it (or, more properly, employees of State Bank) relied upon Defendant's financial statements when determining whether to make the relevant loans.

According to Defendant, his financial statements offered a prospective representation of his financial condition; i.e., if State Bank chose to lend him funds, he represented through the financial statements that he intended to use such funds to acquire cattle in numbers approximating the numbers recorded on his financial statements. Moreover, State Bank employees, including Greg Ward ("Ward"), then-president of State Bank, knew that Defendant's financial statements offered a prospective picture of his financial condition rather than a current snapshot. In fact, before obtaining any loans, Defendant told Ward he owned just 100 head of

cattle. Because Ward knew Defendant's true financial condition[2] and actually prepared the financial statements for Defendant's review and signature, Defendant did not provide a false written statement to Bank with intent to deceive.

## APPLICABLE LAW

In order to obtain summary judgment on a Section 523(a)(2)(B) claim, Bank must prove each of the elements of Section 523(a)(2)(B) and must further show that no dispute as to any material fact exists on each of the elements of such claim. In other words, this Court may summarily determine that Defendant's debt to Bank is non-dischargeable if Bank undisputedly shows that:

1. Defendant obtained money, property, services, or an extension, renewal, or refinancing of credit from Bank;

2. through the use of a statement in writing;

3. that is materially false;

4. respecting the Defendant's or an insider's financial condition;

5. on which Bank reasonably;

---

[2] In Bank's Reply, Bank submits new evidence that Defendant misrepresented his financial condition to Ward when obtaining the Loans. According to Bank's Reply, Defendant had 2,000 - 3,000 head of cattle feeding at Wheeler Feed Yard that were not listed on Defendant's financial statements. This Court's Local Rules do not permit a reply to a response to summary judgment to address any topics other than new matters raised by the response brief. Local Rule 7056-1.D. Bank's Reply does not address new matters raised by Defendant's Response; it offers newly discovered evidence of additional material misrepresentations within Defendant's financial statements. This Court's Local Rules do not authorize Defendant to file a surreply; therefore, the Court cannot consider Bank's new facts. Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006) (citing Beaird v. Seagate Tech, Inc., 145 F.3d 1159, 1164 (10th Cir.1998) (stating that when a "court . . . preclude[s] a surreply, then the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief.")).

6.       relied; and

7.       that Defendant caused to be made or published with intent to deceive.

## DISCUSSION

It is undisputed that Defendant obtained money from State Bank and that Bank stands in State Bank's shoes for purposes of this action. A claim under Section 523(a)(2)(B) can be brought only if Defendant provided a written financial statement to Bank. See Bellco First Fed. Credit Union v. Kaspar (In re Kaspar), 125 F.3d 1358, 1361-62 (10th Cir.1997); accord Caldwell v. Joelson (In re Joelson), 427 F.3d 700, 712 (10th Cir.2005) (Section 523(a)(2)(B) liability must be predicated on "a false written statement [that] describe[s] the debtor's net worth, overall financial health, or ability to generate income"). It is undisputed that Defendant provided a written financial statement to Bank's predecessor in interest, State Bank. Consequently, Bank has met the first two elements of its Section 523(a)(2)(B) claim, and Defendant has failed to dispute those elements.

It is also undisputed that the loan documents requested a current statement of Defendant's financial condition. However, Defendant provided what he argues is a prospective statement of his planned financial condition as it would exist upon obtaining the funds he sought from State Bank. For this reason, the Court finds that Bank has demonstrated that Defendant's financial statement was (i) materially false and (ii) concerned his financial condition. Thus, Bank has shown that the first four elements of its Section 523(a)(2)(B) claim are undisputed for purposes of summary judgment.

Bank also was required to show that State Bank "actually relied on the financial statement and that its reliance was reasonable." First Nat'l Bank v. Cribbs (In re Cribbs), 2006 WL

1875366, *2 (10th Cir. July 7, 2006) (unpub.) (citing <u>Field v. Mans</u>, 516 U.S. 59, 68 (1995)). Bank is not required to show that it relied exclusively upon Defendant's false written statements. According to the Tenth Circuit, "[p]artial reliance is enough." <u>Id.</u>, 2006 WL 1875366 at *3 (quoting <u>Cent. Nat'l Bank & Trust Co. v. Liming</u> (<u>In re Liming</u>), 797 F.2d 895, 897 - 98 (10th Cir.1986) (internal citation omitted)). Thus, "a debt is obtained by fraud if the fraud is a substantial factor in the creditor's decision." <u>Id.</u> (quoting <u>John Deere Co. v. Gerlach</u> (<u>In re Gerlach</u>), 897 F.2d 1048, 1052 (10th Cir.1990) (internal quotation omitted)). To illustrate, "partial reliance on a financial statement is adequate if it is substantial, even if the financial statement is not the most substantial factor" in a creditor's lending decision. <u>Id.</u>

Bank failed to show that State Bank relied upon Defendant's materially false financial statement when making its lending determination. Moreover, Defendant offered evidence that he made materially false statements to State Bank with Ward's knowledge and acquiescence. Furthermore, according to Defendant, Ward informed him that he should not detail his current financial condition, but should describe his financial condition as improved by the assets he intended to purchase if he received the necessary funds from State Bank. Under Defendant's properly-supported version of events - which the Court must accept as true for purposes of summary judgment - State Bank did not rely upon Defendant's false statements when making its lending determination. Instead, State Bank obtained Defendant's false statements in order to secure federal guarantees of the Loans it intended to make to Defendant.

Likewise, Bank failed to show that State Bank's reliance, if any, was reasonable. This Court evaluates the reasonableness of any claimed reliance "according to the particular facts and circumstances present in a given case." <u>Cribbs</u>, 2006 WL 1875366 at *4 (quoting <u>First Bank v.</u>

Mullet (In re Mullet), 817 F.2d 677, 679 (10th Cir.1987), abrogated on other grounds by Field, 516 U.S. at 74-75).  This Court considers the following factors to be relevant to its inquiry: (i) the creditor's standard lending practices; (ii) industry standards; and (iii) "the surrounding circumstances at the time the debtor applies for credit, including whether there are any 'red flags' in the application, whether there was an ongoing business relationship, and whether further investigation would have revealed inaccuracies in the debtor's application."  Cribbs, 2006 WL 1875366 at *4 (citing Ins. Co. of N. Am. v. Cohn (In re Cohn), 54 F.3d 1108, 1117 (3d Cir.1995); In re Mullet, 817 F.2d at 681).  When a creditor follows its own standard lending practices, this Court generally will conclude that its reliance was reasonable, unless the particular facts of the case show that such practices are insufficient under the circumstances.  Cribbs, 2006 WL 1875366 at *4 (citing Norwest Card Servs. v. Barnacle (In re Barnacle), 44 B.R. 50, 54 (Bankr.D.Minn.1984) (holding that reliance is reasonable "if a creditor's actual conduct followed its normal business practices and/or standards in the industry *and if the creditor, upon the particular facts acted with ordinary diligence* ") (emphasis original)).  Bank did not detail State Bank's ordinary lending practices and procedures.  Moreover, it did not offer evidence that it followed such ordinary lending practices and procedures.  Likewise, it did not offer evidence that, "upon the particular facts," State Bank "acted with ordinary diligence."  In re Barnacle, 44 B.R. at 54.  Consequently, reasonable reliance was not established.

Finally, Defendant controverted Bank's showing that Defendant made his false written statements with the intent to deceive State Bank.  A statement need not be made with an intent to deceive in order to satisfy Section 523(a)(2)(B)'s scienter requirement; instead "reckless disregard for the truth" is sufficient to make the underlying debt nondischargeable.  Central Nat'l

Bank & Trust Co. of Enid, Okla. v. Liming (In re Liming), 797 F.2d 895, 897 (10th Cir.1986) (citing Carini v. Matera, 592 F.2d 378, 380-81 (7th Cir.1979); In re Houtman, 568 F.2d 651, 655-56 (9th Cir.1978); 3 L. King, Collier on Bankruptcy ¶ 523.09[5][b], at 523-61 (15th ed. 1981) [hereinafter cited as Collier ].  In considering whether Defendant properly contested Bank's showing that Defendant displayed at least a reckless disregard for the truth, this Court notes that "unsupported assertions of an honest intent will not overcome the natural inferences from admitted facts."  Liming, 797 F.2d at 897 (quoting 3 Collier ¶ 523.09[5][b], at 523-62; see also In re Moran, 456 F.2d 1030, 1030-31 (3d Cir.), cert. denied, 409 U.S. 872, 93 S.Ct. 201, 34 L.Ed.2d 504 (1972); In re Monsch, 18 F.Supp. 913, 915 (E.D.Ky.1937)).

In Bank's Reply, Bank argues that Defendant has attempted to controvert summary judgment with what amount to unsupported assertions of honest intent that must yield to the natural inferences that may be drawn from its undisputed facts.  Bank's argument is especially cognizant of the fact that Defendant's prospective cattle numbers were listed as current assets on Defendant's financial statement's balance sheet.  Bank's evidence may carry the day at trial, but on summary judgment, Defendant's argument concerning his intent when listing the prospective cattle as current assets is supported.  Ward explained under oath that he was aware that Defendant listed prospective cattle as current assets when seeking a loan from State Bank.  For this reason, the Court finds that a material factual dispute exists concerning Defendant's intent.

## CONCLUSION

Because Bank failed to show that  (i) State Bank relied upon Defendant's materially false financial statement when making its lending determination and (ii) such reliance was reasonable

and (iii) because a material factual dispute exists concerning Defendant's intent, this Court hereby DENIES Bank's Motion, and this matter will proceed to trial.

    IT IS SO ORDERED.

# # #